UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michelle Renee Neilsen,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>State Farm Mutal Automobile Insurance Company,<br><br>　　　　　Defendant | Case No.: 2:24-cv-00802-CDS-NJK<br><br>**Order Granting Motion to Remand**<br><br>[ECF No. 9] |

　　　This breach of contract action arises out of an underlying motor vehicle accident that was removed from the Eighth Judicial District Court by defendant State Farm Mutual Automobile Insurance Company under 28 U.S.C. §§ 1332, 1441, 1446. ECF No. 1. Plaintiff Michelle Neilsen moves to remand this action back to state court, arguing that State Farm fails to demonstrate an amount in controversy greater than $75,000. ECF No. 9. State Farm opposes the motion, arguing that Neilsen's prayer of $50,000 policy limits for the breach of contract claim, together with the prayer for punitive damages and attorney's fees, plausibly meets the $75,000 jurisdictional requirement. ECF No. 10. The motion for remand is fully briefed. ECF No. 15. For the reasons set forth herein, I grant Neilsen's motion to remand.

I.　　**Legal framework**

　　　"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party

asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.*; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

To determine the amount in controversy, courts first look to the complaint. Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.* at 288–89; *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, when removal jurisdiction is challenged by the plaintiff, the burden lies with the defendant to show by a preponderance of the evidence that the amount in controversy requirement is satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."). Evidence establishing the amount in controversy is required where a defendant's assertion of the amount in controversy is contested by plaintiffs. *Id.* at 88. "In such a case, **both sides** submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added).

Before calculating the amount in controversy, the court must determine whether each measure of damages can be considered "summary-judgment-type evidence" that is plausible and "relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co*, 116 F.3d 373, 377 (9th Cir. 1997). Removal is proper "'if the district court finds, by a

preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

## II. Analysis

Neilsen asserts that this action should be remanded to state court because defendants cannot meet their burden establishing that the amount in controversy in this action exceeds $75,000. ECF No. 9 at 3. I agree. While the removal petition asserts that the amount in controversy threshold requirement is met, that assertion is mere speculation based on conclusory allegations that the attorney's fees sought by plaintiff "could be significant" and punitive damages in other actions should be given "serious consideration" in calculating whether the amount in controversy requirement is met. ECF No. 1 at 6–7. Counsel's assertion that attorney's fees could be significant, or that punitive damages awarded in other actions should be considered, does not constitute the sort of summary judgment like evidence the court can consider in resolving this motion. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (noting that in determining the amount in controversy, courts examine not only the facts alleged in the complaint—which are assumed true for purposes of calculating the amount in controversy—but also "summary judgment type evidence relevant to the amount in controversy at the time of removal").

As relevant here, in the complaint, Neilsen prays for: (1) general damages in excess of $15,000; (2) special damages to be determined at the time of trial; (3) consequential damages, including attorney's fees; (4) expectation damages for denied policy benefits in excess of $15,000; (5) punitive damages in excess of $15,000; (6) reasonable attorney's fees and costs of suit; and (7) interest at the statutory rate. Compl., ECF No. 1-1 at 16. This prayer for relief makes it facially unclear if the amount in controversy is greater than $75,000. At best, aggregating the prayer for general, expectation, and punitive damages, the face of the complaint shows that Neilsen is seeking $45,000 in relief. Even considering State Farm's argument that Neilsen is

seeking $50,000 for the breach of contract claim,[1] that only brings the prayer for relief to $65,000.[2] And State Farm's argument that this court should consider potential, significant punitive damages or attorney's fees is insufficient to demonstrate the $75,000 threshold. Removal "cannot be based simply upon conclusory allegations." *Singer*, 116 F.3d at 377 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). And the term "significant" cannot serve as a replacement for the "summary-judgment-type evidence" required for this court to resolve motions for remand. *See Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1025 (C.D. Cal. 2023).

While Neilsen also failed to provide evidence regarding the amount in controversy, the burden lies with the defendant. State Farm should have, but failed to "prove, by a preponderance of the evidence, that the amount in controversy [satisfied] the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d, 1089, 1090 (9th Cir. 2003); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Consequently, I grant Neilsen's motion to remand this action to state court.

### III. Conclusion

IT IS HEREBY ORDERED that Neilsen's motion to remand **[ECF No. 9] is GRANTED**.

The Clerk of Court is directed to REMAND this case to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-888866-C, Department 24, and to close this case.

Dated: July 10, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] "Plaintiff asserts that she is entitled to payment of the full limits for insurance motorist coverage under her policy which amount[s] to $50,000.00 per person." *See* ECF No. 10 at 4–5.

[2] To arrive at this figure, the court substitutes the breach damages of $50,000 for the prayers of an excess of $15,000 for general damages and an excess of $15,000 for expectation damages and adds to it the putative damages prayer of $15,000.